J-S68012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN HALL, | |
| Appellant | No. 2698 EDA 2013 |

Appeal from the PCRA Order entered August 20, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0227961-1988.

BEFORE:  ALLEN, JENKINS, and MUSMANNO, JJ.:

MEMORANDUM BY ALLEN, J.:                    **FILED NOVEMBER 10, 2014**

John Hall ("Appellant") appeals *pro se* from the order denying his second petition for relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On February 28, 1989, [Appellant] was sentenced to life imprisonment after a jury found him guilty of first degree murder and robbery for the July 13, 1986 shooting death of Derrick Jones (Jones).  Appellant's post sentence motions were litigated, and denied on June 26, 1990.  On November 13, 1991, the Superior Court affirmed the judgment of sentence, but remanded for [an] evidentiary hearing on [Appellant's] *Batson* claim.  On May 27, 1993, following the hearing and further briefing and oral argument, the court denied [Appellant's] *Batson* claim. The Superior Court affirmed the denial on December 28, 1993.  Allocatur was denied on January 21, 1994.  On January 16, 1997, [Appellant] filed his first petition for

PCRA relief which was dismissed without a hearing on August 14, 1998. On September 29, 2011, [Appellant] filed a second pro se petition for PCRA relief asserting that he was legally and factually innocent of the crimes for which he was convicted. On February 24, 2012, the petition was dismissed as untimely filed and [Appellant] appealed. [This appeal was later discontinued.]

On March 12, 2012, pursuant to a motion filed with retained counsel, [Appellant's] dismissal was vacated and he was permitted to file a fully developed amended PCRA petition. On May 2, 2012, [Appellant] filed an amended petition for relief claiming that his petition was timely based upon the after-discovered evidence exception to the PCRA timeliness requirement, evidence which was unavailable at the time of trial and would have changed the outcome of the trial. Attached to the petition was the affidavit of Darryl Goodman (Goodman), a non-testifying co-defendant whose trial had been severed from [Appellant's] trial, indicating that [Appellant] had been falsely accused and wrongfully convicted for the crime that he, Goodman, and now deceased Jerome Leggatt (Leggatt) committed, namely the murder of [] Jones. [In his own trial, Goodman was found guilty of third-degree murder and criminal conspiracy.] In his affidavit, Goodman claimed that, prior to [Appellant's] trial, Leggatt killed himself because of what he and Goodman had done in robbing and killing Jones and [Appellant] being arrested for a crime he did not commit. [Goodman] stated that he saw [Appellant] during a hearing prior to [Appellant's] trial and told [Appellant] that he knew [Appellant] was innocent because it was him and Leggatt who had committed the crime, and would come forward to tell authorities but his attorney advised [him] to invoke his 5th Amendment privilege if he was called to testify at [Appellant's] trial. Goodman claimed that he was coming forward now because it was weighing heavy on his conscious. Also attached to [Appellant's] petition was a certification from Craig Hill (Hill), [Appellant's] brother, indicating on August 31, 2011, he was contacted by Darryl Goodman who provided him with the affidavit attached to [Appellant's] petition.

A hearing on [Appellant's] after discovered evidence claim was conducted on February 6, 2013. At the hearing,

Hill testified that he was contacted by Goodman, met him in West Philadelphia and picked up the affidavit which he fowarded to [Appellant] approximately 19 days later. He also testified that a family friend, Jeff Hart, contacted him and gave him Goodman's contact information and he set up a meeting to pick up the affidavit. In addition, Hill testified that [Appellant] told him maybe as early as 1996 that Goodman had information that could get him out of jail, namely that [Goodman] knew that [Appellant] was innocent because he had lied and had wrongly implicated [Appellant] in the murder. Despite that he knew Goodman's family members and had actually spoken with Goodman in the early 2000's, Hill testified that he never attempted to contact Goodman to see if he would come forward with the information that could get [Appellant] out of jail.

Darryl Goodman, who appeared at the evidentiary hearing pursuant to [Appellant's] subpoena, testified that, on July 13, 1986, he and [Appellant] had planned to rob Leggatt, however Leggatt reached in his pocket as if he had a gun so they fled. He further testified that he was arrested for the murder on December 28, 1988, and extradited to Philadelphia from North Carolina, where he had fled after the crime, on January 4, 1989. On that date, he gave police an allegedly false statement that he and [Appellant] conspired to rob and shoot Jones. Goodman testified that he gave the statement implicating [Appellant] as the shooter in the murder that he committed with Leggatt because he regarded Leggatt as a threat. Around the time of his arrest, [Goodman] learned that Leggatt had killed himself. Goodman acknowledged that he asserted in his affidavit that Leggatt killed himself because [Appellant] had been arrested for what he and Goodman had done in robbing and killing Jones. Notwithstanding, Goodman testified that Leggatt had killed himself because [Leggatt] owed Jones money and feared that Jones [sic] would come after him. Goodman also testified that in 1989, prior to [Appellant's] trial, he saw [Appellant] and told [Appellant] that it was he and Leggatt who committed the crime. He conceded that, despite having been released from prison in 2002, he made no attempts to provide information that could have exonerated [Appellant] until 2011. Additionally, Goodman

testified that he used an alias as well as fake social security numbers and birth dates in the past.

The Commonwealth presented Leggatt's death certificate indicating that Leggatt's death occurred April 3, 1987, approximately eight months before Goodman was arrested, when he jumped from a window while being pursued by the police. Additionally, the Commonwealth introduced evidence that, in 1991, Goodman filed for PCRA relief alleging that his trial counsel was ineffective for failing to call [Appellant] to testify as an alibi witness. Following presentation of all the evidence, the arguments of counsel and review of both counsels' post-hearing submissions, the Court determined that Goodman's testimony was incredible and that [Appellant] failed to meet his burden in showing that his petition met the after-discovered evidence exception to the PCRA timeliness requirement. After proper notice, [Appellant's] petition for relief was formally dismissed on August 20, 2013.

PCRA Court Opinion, 1/8/14, at 1-5 (footnote omitted). This timely *pro se* appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant raises five issues on appeal. He states his first issue on appeal as follows:

1. Did the PCRA Court [err] in finding the testimony of Darryl Goodman, not credible and untimely while failing to [apply] the <u>appropriate</u> statute of 42.Pa.C.S.A. [sic] §9543(a)(2)(vi), after hearing Mr. Goodman, exonerate Appellant during the evidentiary hearing?

Appellant's Brief at 1 (underline in original).

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Reaves**, 923 A.2d 1119, 1124 (Pa. 2007). The PCRA court's findings will not be disturbed

- 4 -

unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, "[a] second or any subsequent post-conviction request for relief will not be entertained unless a strong *prime facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Burkhardt*, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prime facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of

the date the claim first could have been presented." *Id. See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant acknowledges that his PCRA petition is untimely, but asserts that he timely filed the petition once he obtained new evidence. When considering a PCRA petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim was predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

A petitioner is eligible for relief under the PCRA if he can establish the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). This Court has explained the test to be applied to such a claim as follows:

> To obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence: (1) could

not have been obtained prior to the conclusion of the trial by the exercise of reasonable due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). "The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Id.*** Moreover, "when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case." ***Id.***

Here, the PCRA court dismissed Appellant's PCRA on two bases. Initially, the PCRA court found that Appellant did not establish the "after-discovered evidence" exception to the PCRA's time bar. According to the PCRA court, Appellant did not establish that "the facts upon which the claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The PCRA court explained:

> Appellant claims that the affidavit submitted by co-conspirator Darryl Goodman indicating that [Appellant] is innocent because he, and now deceased [] Leggatt, actually committed the robbery and murder, is newly discovered evidence sufficient to overcome the PCRA requirement that a petition must be filed within one year of the date the judgment became final. However, Goodman testified that he told [Appellant] before [Appellant's] trial,

- 7 -

around 1989, that he knew [Appellant] was innocent because he and Leggatt had committed the crime. He also testified that, after he was released from jail in 2002, he spoke with [Appellant's] brother, but did not [inform him of Appellant's] innocence. Appellant's brother testified that he knew that Goodman had lied about [Appellant's] involvement in the crimes because [Appellant] told him and that he had seen Goodman around 2005, but did not ask him to come forward with the information.

PCRA Court Opinion, 1/8/14, at 6-7 (citations omitted). Secondly, the PCRA Court found that the testimony from Hill and Goodman "lacked credibility." *Id.* at 7.

Our review of the record supports the trial court's conclusions. We agree with the PCRA court that Appellant failed to establish due diligence by a preponderance of the evidence. *See*, *generally*, *Commonwealth v. Johnson*, 945 A.2d 185 (Pa. Super. 1998). At best, Goodman's affidavit constituted "a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008). Additionally, when, as here, the PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal. *Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999).

In his remaining issues, Appellant asserts PCRA counsel's ineffectiveness. Unfortunately for Appellant, he inappropriately has raised these claims for the first time on appeal. *See Commonwealth v. Ford*, 44 A.3d 1190, 1200 (Pa. Super. 2012) (noting that a majority of the Pennsylvania Supreme Court agrees that issues of PCRA counsel

ineffectiveness must be raised in a serial PCRA petition or in response to a Pa.R.Crim.P. 907 notice of dismissal before the PCRA court).  Appellant has therefore failed to preserve his remaining issues.

In sum, the record supports the PCRA court's conclusion that Appellant failed to establish his claim of after-discovered evidence, and his claims of ineffectiveness of PCRA counsel are not preserved.  We thus affirm the PCRA court's order denying Appellant's PCRA petition as untimely filed.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2014